**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shawn Justin Burris, Appellant.

Appellate Case No. 2013-001035

---

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-327
Submitted March 1, 2015 – Filed July 1, 2015

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**PER CURIAM:** Shawn Justin Burris appeals his conviction for unlawful obtaining of nonferrous metals, arguing the trial court erred in (1) denying his

motion for a directed verdict and (2) allowing the State's witness to testify as to the approximate monetary amount of damages to the property. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in denying Burris's motion for a directed verdict: *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004) ("When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."); *State v. McKnight*, 352 S.C. 635, 642, 576 S.E.2d 168, 172 (2003) ("On appeal from the denial of a directed verdict, an appellate court must view the evidence in the light most favorable to the State."); *State v. Weston*, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) ("If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, [the appellate court] must find the case was properly submitted to the jury."); S.C. Code Ann. § 16-11-523(B) (Supp. 2014) ("It is unlawful for a person to wilfully and maliciously cut, mutilate, deface, or otherwise injure any personal or real property, including any fixtures or improvements, for the purpose of obtaining nonferrous metals in any amount."); S.C. Code Ann. § 16-11-523(A) (Supp. 2014) (defining "nonferrous metals" as "metals not containing significant quantities of iron or steel, including, but not limited to . . . copper pipe").

2. As to whether the trial court erred in allowing the State's witness to testify as to the approximate monetary amount of damages to the property: *State v. Rogers*, 361 S.C. 178, 183, 603 S.E.2d 910, 912-13 (Ct. App. 2004) (stating for an issue to be preserved for appeal, "The issue must have been (1) raised to and ruled upon by the trial court, (2) raised by the appellant, (3) raised in a timely manner, and (4) raised to the trial court with sufficient specificity"); *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("A party may not argue one ground at trial and an alternate ground on appeal."); *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003) ("We review a trial court's decision regarding Rule 403[, SCRE,] pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); *State v. Cheeseboro*, 346 S.C. 526, 547, 552 S.E.2d 300, 311 (2001) ("Evidence is unfairly prejudicial if it has an undue tendency to suggest a decision on an improper basis, such as an emotional one.").

**AFFIRMED.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**